IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGARET DARR,

    Plaintiff,

vs.                                            Case No.: 1:18-cv-00672-GBW-SCY

NEW MEXICO DEPARTMENT
OF GAME AND FISH,

    **Defendant.**

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR REMAND
AND MEMORANDUM IN SUPPORT**

New Mexico Department of Game and Fish ("Defendant"), hereby submits its Response to Plaintiff's Opposed Motion for Remand and Memorandum in Support:

**INTRODUCTION**

Defendant removed this case to Federal court because Plaintiff pled in her Complaint Violations of the New Mexico Human Rights Act for Disability Discrimination and Retaliation, Retaliation for Violations of the Fair Pay for Women Act, violation of the Whistleblower Protection Act, violation of the Fraud Against the Taxpayers Act, and most importantly, various allegations that Defendant violated her Family Medical Leave Act ("FMLA") rights. Plaintiff specifically pled the following in paragraphs 70 and 71 of her Complaint:

> 70. On October 31, 2017, Mr. Cline continued his retaliation by chastising Ms. Darr over a missed deadline that occurred while Ms. Darr was on Family Medical Leave. In violation of law, Mr. Cline instructed Ms. Darr that she could not miss another deadline without prior notice, knowing full well that prior notice was impossible when Ms. Darr had to use intermittent/emergency Family Medical Leave for depression and anxiety flare ups. The missed deadline was of no consequence to any grant requirement or legal obligation.

> 71. On November 6, 2017, Ms. Darr again filed a grievance about her interim evaluation being retaliatory for her protected activity and exercising her rights under Family Medical Leave and disability laws after Ms. Ruiz rejected her prior grievance. Performance issues were raised regarding the period while Ms. Darr was on Family Medical Leave.

Paragraphs 70 and 71, while prominent examples, are not the only instances where Plaintiff referenced the FMLA in her Complaint. In paragraphs 51, 52, 57, 67, 70, 71, 75, 76, 90, 97, 123, 124 and 125, Plaintiff specifically references the FMLA or her authorized Family Medical Leave. Plaintiff's Complaint is rife with references to and issues regarding the FMLA which present a federal question now properly before this Court. The allegations contained in paragraphs 70 and 71, along with Plaintiff's reference to the FMLA throughout the rest of her Complaint, establish that a trier of fact must determine whether Defendant interfered with Plaintiff's Family Medical Leave by criticizing Plaintiff for missing a deadline and by writing an unsatisfactory evaluation, for which she filed a FMLA-based grievance. These allegations raise a question of interpretation and application of the FMLA, a federal statute.

## POINTS AND AUTHORITIES

### I. Legal Authority

"A claim may be brought in federal court if the claim is one arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (quotations omitted). The United States Supreme Court has held that the test for removal under federal question jurisdiction is, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). "[E]ven though a plaintiff asserts only claims under state law,

federal-question jurisdiction may be appropriate if the state-law claims implicate significant federal issues." *Nicodemus v. Union Pac. Corp.,* 440 F.3d 1227, 1232 (10th Cir. 2006).

Importantly, "[a]n independent corollary to the well-pleaded complaint rule, 'the artful pleading doctrine', prevents plaintiffs from defeating removal by 'omitting to plead necessary federal questions in a complaint.'" *Roux v. Lovelace Health System, Inc.*, 947 F.Supp. 1534, 1538 (D.N.M. 1996), *citing Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 20 (1983).

A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808, (1986) (quotations omitted). The United States Supreme Court also held that:

> Although it is true that federal jurisdiction cannot be based on a frivolous or insubstantial federal question, "the interrelation of federal and state authority and the proper management of the federal judicial system," *Franchise Tax Board,* 463 U.S., at 8, 103 S.Ct., at 2846, would be ill served by a rule that made the existence of federal-question jurisdiction depend on the district court's case-by-case appraisal of the novelty of the federal question asserted as an element of the state tort.

*Id.* at 817. The United States Supreme Court in *Grable* specifically recognizes this type of federal "arising under" jurisdiction, stating:

> [T]his Court having recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues … The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.

*Grable*, 545 U.S. at 313.

The Family Medical Leave Act "allows eligible employees of a covered employer to take job-protected, unpaid leave, or to substitute appropriate paid leave if the employee has earned or

accrued it, for up to a total of 12 workweeks in any 12 months," for various circumstances including "because the employee's own serious health condition makes the employee unable to perform the functions of his or her job." 29 C.F.R. § 825.100. The Federal court recognizes FMLA interference claims and FMLA retaliation claims under 29 U.S.C. § 2615(a)(1) and 29 U.S.C. § 2615(a)(2), respectively. *See Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007).

## II.     Plaintiff's Motion for Remand is Improper

Plaintiff alleges she was the victim of unlawful retaliation for taking Family Medical Leave, and that Defendant interfered with her exercise of her FMLA rights, both of which are causes of action recognized only in federal law, 29 U.S.C. §§ 2601 et. seq. (2009). Plaintiff also alleges that Defendant's retaliation and interference with her FMLA rights were instances of retaliation she asserts in order to support her other claims against Defendant. Whether Defendant interfered with Plaintiff's FMLA rights and/or whether Defendant retaliated against Plaintiff for her exercise of her FMLA rights must be determined by this Court because Plaintiff's state-law claims necessarily raise the federal issues under the FMLA.

Plaintiff is not able to defeat removal simply because she did not plead the necessary federal questions regarding her FMLA claims as a separate cause of action in her Complaint. Plaintiff has intentionally excluded any FMLA interference and/or FMLA retaliation claims in her Complaint in an attempt to make it appear as though there are no federal questions in this case. However, Plaintiff is prohibited from avoiding federal court through artful pleading drafting under the aptly named, "artful pleading doctrine." Jurisdiction is proper before this Court despite Plaintiff's failure to plead the clear federal questions involved in this case.

Here, federal question jurisdiction is proper because Plaintiff's state law claims implicate significant federal issues regarding whether Defendant retaliated against Plaintiff for exercising her FMLA rights. Plaintiff's state law claims turn on the interpretation of Plaintiff's allegations of FMLA retaliation since retaliation is a core component of Plaintiff's claims against Defendant.

Removal is also appropriate in this case because Plaintiff's allegations regarding her exercise of her FMLA rights necessarily require an explanation to the jury. A jury would not be able to determine the facts as alleged without receiving an instruction regarding the meaning of Plaintiff's Family Medical Leave rights, which demonstrates the presence of a significant federal question in this case. If Plaintiff testifies at trial that she was "chastised" for missing a deadline while she was out on authorized FMLA leave, as she alleges in her Complaint, Paragraph 70, the court will have to explain to the jury what Plaintiff's rights were under FMLA. That is precisely why this Complaint must be heard in federal court; it involves interpretation and application of a federal statute.

Similarly, Plaintiff contends repeatedly that her first submission of FMLA certification paperwork operated as notice to the Defendant that she was suffering retaliation. See, e.g., Paragraphs 52, 57, and 67. These contentions will require legal decisionmaking regarding the significance of the FMLA certification paperwork and whether it serves as notice of a retaliation claim.

Overtly, in Paragraph 71, Plaintiff claims that her November 6, 2017 grievance alleged that her interim evaluation was "retaliatory for her protected activity and exercising her rights under Family Medical Leave and disability laws…" Plaintiff closes Paragraph 71 with the sentence "Performance issues were raised regarding the period while Ms. Darr was on Family

Medical Leave." Proof of these allegations of retaliation invoke an interpretation of the Family Medical Leave Act.

As recognized by the United States Supreme Court, it is important for federal courts to hear claims recognized under state law that turn on substantial questions of federal law so that the federal court may use its experience to determine the federal issues with the uniformity that only a federal forum can offer on federal issues.  The United States Supreme Court recognizes that a federal court's determination of issues involving federal question involved in state tort claims is better than a district court's case-by-case appraisal.

Therefore, this case is properly before this Court because Plaintiff's allegations of Defendant's interference with her FMLA rights and retaliation due to her exercise of her FMLA rights present questions of federal law that must be decided by the federal Court.

## CONCLUSION

**WHEREFORE**, Defendant New Mexico Department of Game and Fish respectfully requests that the Court deny Plaintiff's Motion for Remand and Memorandum in Support and for any further relief as the Court deems just and proper.

    Respectfully submitted,

    MILLER STRATVERT P.A.

    By: */s/ Paula G. Maynes*
    Paula G. Maynes
    Stephen M. Williams
    ***Attorneys for Defendant***
    200 West DeVargas, Suite 9
    Santa Fe, New Mexico 87501
    Telephone: (505) 989-9614
    Email pmaynes@mstlaw.com
        swilliams@mstlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed through the CM/ECF system which caused all counsel of record to be served by electronic means on this 30th day of July 2018:

| | |
|---|---|
| Diane Garrity | Rosario D. Vega Lynn |
| Serra & Garrity, P.C. | Vega Lynn Law Offices, LLC |
| 1331 Seville Road | P.O. Box 65513 |
| Santa Fe, New Mexico 87505 | Albuquerque, NM 87193 |
| (505) 983-6956 | (505) 903.9411 |
| (505) 4704803 *m* | rosariovegalynnlawfirm@outlook.com |
| dgarrity@sgmnmlaw.com | *Attorneys for Plaintiff* |
| *Attorneys for Plaintiff* | |

  */s/ Paula G. Maynes*
Paula G. Maynes

\\Abq-tamarack\ProData\006352-049606\Pleadings_Federal\3507586.docx