IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGARET DARR,

    Plaintiff,

v.   No. 1:18-cv-00672 GBW/SCY

NEW MEXICO DEPARTMENT OF GAME AND FISH,

    Defendant.

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
OPPOSED MOTION FOR REMAND AND MEMORANDUM IN SUPPORT**

COMES NOW, Plaintiff, by and through counsel, and states as follows as her Reply to her Motion for Remand [Doc. 6]. Because a substantial question of federal law is not present, this Court does not have jurisdiction over Plaintiff's claims and this case should be remanded to the First Judicial District Court.

**I.   Standard of Law.**

The fact that the Plaintiff received family medical leave benefits and properly pled those facts does not create a federal question under the four-prong test announced in *Grable and Sans Metal Products v. Darue Engineering,* 545 U.S. 308, 314 (2005).[1]

The Supreme Court explained the *Grable* holding in *Gunn v. Minton*, 568 U.S. 251, 256 (2013). The *Gunn* Court limited the *Grable* four-part test by stating absent a complaint alleging a federal cause of action, *Grable* removal is of limited scope and noted only a "slim category of cases" satisfies the four-prong *Grable* test. *Gunn*, 568 U.S. at 258. The Supreme Court has not-

---

[1] The *Grable* four-prong test to determine federal jurisdiction when state law claims asserted: 1. federal issue necessarily raised; 2. actually disputed; 3. substantial; 4. capable of resolution in federal court without disrupting the state-federal balance approved by Congress. *Id*. at 314

ed "it takes more than a federal element to open the airing under door" and the mere allegations of a "federal interest" are not a "password opening federal courts to any state action embracing a point of federal law…the mere presence of a federal issue in a state cause of action and the mere assertion of a federal interest are not enough to confer federal jurisdiction." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *Merrell Dow Pharm., Inc., v. Thompson*, 478 U.S. 804, 813 (1986).

At all times, the Defendant has the burden of proof to show the four-part test from *Grable* established federal question jurisdiction to allow removal. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). Removal statutes are strictly construed and any doubts regarding subject matter jurisdiction should be resolved against removal. *Id.*; *Fajen v. Found Reserves Ins Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Last, in addition to *Grable's* four-part test, the Defendant must show the causes of action Plaintiff's states "arise under" the U.S. Constitution or federal law, the federal question must also appear on the face of a "well-pleaded complaint." *Franchise Tax Board v. Construction Laborers*, 463 U.S. 1, 9-10 (1983).

Plaintiff's Complaint does not contain any reference to violations of federal law or the U.S. Constitution. The Defendant does not list an affirmative defense in its Answer (Doc. 8 pp 40-41) by asserting a federal defense to the state law claims or a counterclaim involving federal law. *Id*. at 22. Since the FMLA allows concurrent jurisdiction, there is no preemption of claims. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987)(ERISA preempts field of disability benefits conferring federal jurisdiction).

Defendant attempts to bootstrap a federal question on its Answer at p. 6 ("However, Plaintiff has alleged facts giving rise to claims under the Family and Medical Leave Act, which is a federal statute."). However, on the face of the Complaint (Doc. 1-1 pp 1-43), Plaintiff has

not alleged violation of any federal law nor does the Complaint require an interpretation of federal law to prove the state law claims and does not involve a resolution of federal law for the adjudication of Plaintiff's claims.  Ms. Darr's Complaint shows the allegations concerning family medical leave do not require the litigation of federal questions and/or issues in this case to show the violations of state law.  Here, Ms. Darr did not raise a federal question: the FMLA is not actually in dispute, there is no allegation of federal law making the FMLA allegations not substantial, and the federal-state balance would be disrupted if any time a Plaintiff received FMLA benefits triggered federal question jurisdiction over state claims involving discrimination, whistleblowing and retaliation.  *See* Doc. 1-1, Complaint, *passim*.

The Court should grant Plaintiff's Motion for Remand (Doc. 6).

## II.     The U.S. District Court cases demonstrate this case should be remanded.

The four-part test in *Grable* has been interpreted in the United States District Court for New Mexico.  In *Laul v. Los Alamos National Security*, LLC, CIV-16-1386 MV/JHR (May 31, 2018)( Parker, J.), the Plaintiff filed suit in state district court alleging violations of the New Mexico Human Rights Act for retaliation and breach of a lease agreement.  Plaintiff alleged the lease agreement was not renewed in retaliation for complaints filed with the New Mexico Human Rights Bureau.  The Defendant removed the case to U.S. District Court because the underlying lease agreement contained a provision requiring the lease be interpreted under federal law.  Further, Defendant alleged that national security interests would be implicated as part of the litigation.  *Id*. at p. 1.

When interpreting if a substantial federal question was raised, the *Laul* Court rejected Defendant's argument that the lease implicated federal question and determined the case was an ordinary breach of contract claim and the federal common law was not implicated through the De-

fendant's raising national security defenses.  The *Laul* Court noted the United States was not a party to the lease and stated "a contractual dispute between two potential subcontractors on a government procurement contract does not implicate a uniquely federal interest unless the United States is exposed to some potential loss."  *Laul,* p. 2, (*citing Northrop Corp. v. AIL Sys. Inc*., 959 F.2d 1424, 1427 (7th Cir. 1992)).

If a federal issue is merely present in a complaint as a fact predicate, but the litigation involves state law a substantial federal question is not present.  In *Gallup Med Flight, LLC v. Builders Trust of New Mexico*, 240 F. Supp. 3d 1161, 1229 (N.M. 2017), the Court rejected the defendant's removal because the contract in dispute was not about the interpretation of the federal law governing and regulating air ambulances.  The *Med Flight* Court "was not satisfied that a substantial federal question of [was] at issue in the resolution of the contract dispute"  because the federal Airline Act "does not stop air ambulance providers in New Mexico from contracting with worker's compensation insurance providers to ensure adequate ambulatory services."  The case was remanded to state court.

Federal jurisdiction was also rejected when the N.M. Attorney General sued opioid manufactures for violations of the New Mexico statutes for public nuisance, Medicare Fraud, Fraud against the Taxpayer Act as well as the state and the federal Controlled Substances Act.  *State of New Mexico, ex. rel., Hector Balderas v. Purdue Pharma, et. al.*, 1:18-cv-00386-JCH/KBM (June 12, 2018) (Herrera, J.).  Despite an actual federal statute pled in this case, the district court rejected removal.  Judge Herrera noted, "[A] claim supported by alternative theories in the complaint may not form the basis for federal jurisdiction unless the federal law is essential to each."  Further, even if federal statutes and federal interpretations of those statutes are referenced in the complaint, if the state law duties alleged to be violated "do not hinge exclusively on federal law",

there is not federal court jurisdiction. *Id*. at 14. Judge Herrera warned that conferring federal jurisdiction when a federal statute is referenced but not included as a cause of action "would result in a horde of original filings and removal cases raising other state claims with embedded federal issues". *Id*. at 15. The same analysis applies here.

### III. <u>This case should be remanded</u>.

These cases illustrate the limited nature of removal to federal court under the *Grable* holding. Ms. Darr does not dispute that her Complaint informs the court of her attempts to obtain family medical leave; however, no federal law or federal question were presented in the Complaint. The Court will not be required to interpret the FMLA, and with concurrent jurisdiction, it is irrelevant if a state or federal court interpreted this law. There is not a federal question much less a substantial federal question. Further, Plaintiff's receipt of FMLA is not in dispute. [Doc. 1-1, ¶57.]

This case involves discrimination and retaliation under the New Mexico Human Rights Act, Fair Pay for Woman Act, Fraud against the Taxpayer Act and the Whistleblower Protection Act. The Plaintiff's receipt of family medical leave is but one example of protected activity that is a statutory predicate for retaliation under state claims asserted.

The resolution of Plaintiff's claims do not rely on an interpretation of federal law. If merely referencing an employee's receipt of family medical leave is sufficient to trigger federal jurisdiction, then the there would be a "federalization" of garden variety state law claims when there is not a uniquely federal aspect of the case. This would subject the federal courts to more removal actions. The *Merrell* Court held, "We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an

element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell*, 478 U.S. at 814. This particularly rings true to the FMLA which allows for concurrent jurisdiction.

Plaintiff's complaint should be remanded to the First Judicial District state court. No federal question is presented. No interpretation of federal law is necessary. State law claims related to retaliation are presented and these claims do not trigger any federal issue, much less a substantial one. An interpretation of federal law is not required for any of the state law claims Plaintiff's sets forth. The FMLA is not preempted field given that there is concurrent jurisdiction. The well-pleaded Complaint does not show any federal question or violation of federal law on its face.

The Defendant claims the reference to family medical leave creates federal jurisdiction is misplaced under the *Grable* and *Merrell Dow* holdings. The *Merrell Dow* holding limited the *Grable* holding. An analysis is required to determine if a federal issue is actually present in the complaint and actually requires federal law to interpret the allegations. This is not the case here. Providing background factual information is not the same as alleging a federal law violation. There is not a serious federal interest that requires the protection of the U.S. District Court inherent in a federal forum. There is not a contested and substantial federal question in this case.

Plaintiff's Motion to Remand should be granted. The *Grable* four-part test is not met here. District courts must "prudence and restraint" whether a federal question is presented because "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power and the federal system." *Merrell Dow*, 478 U.S. at 810; *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994); see also *Nicodemus v. Union Pac. Corp.*, 440 F.3d

1227, 1233 (10th Cir. 2006) (discussing requirement that court find of a federal cause of action to support the assertion of federal-question jurisdiction over state-law claims).

Here, Plaintiff's Complaint shows state law claims. Even Defendant's Motion to Dismiss Count II (Doc. 12) based on sovereign immunity should be decided by a state court (Doc. 15). There is not a substantial federal question, receipt of family medical leave is not contested, reference to the FMLA does not trigger interpretation from a federal court and the well pleaded Complaint, on its face, does not allege violations of federal law. To permit removal in this case would truly result in a "horde" of removal actions. The Defendant has not met its burden and the Plaintiff's Motion for Remand should be granted.

WHEREFORE, it is respectfully requested Plaintiff's Motion for Remand (Doc. 6) be granted, for attorney fees to be awarded and for all further relief deemed equitable and just.

Respectfully submitted,

**Counsel for Plaintiff**:

s/ *Diane Garrity*
Diane Garrity
Serra & Garrity PC
1331 Seville Road
Santa Fe, NM 87505
Telephone: (505) 983-6956
Email: dgarrity@sgmnlaw.com

and

*s/Rosario D.Vega Lynn*
Rosario D. Vega Lynn
Vega Lynn Law Office, LLC
P.O. Box 65513
Albuquerque, New Mexico 87193
Telephone: (505) 903-9411
Email: rosariovegalynnlawfirm@outlook.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of August 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Paula G. Maynes
Stephen M. Williams
Miller Stratvert PA
200 West DeVargas, Suite 9
Santa Fe, NM 87501
Telephone: 505-989-9614
Email: pmaynes@mstlaw.com
swilliams@mstlaw.com

*s/ Rosario D. Vega Lynn*