IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGARET DARR,

        Plaintiff,

v.                                                                                                             No. 18-cv-00672-GBW-KBM

NEW MEXICO DEPARTMENT
OF GAME AND FISH,

        Defendant.

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS
COUNT II OF PLAINTIFF'S COMPLAINT**

        Plaintiff, Margaret Darr (Ms. Darr), by counsel responds in opposition to Defendant's Motion to Dismiss [Doc. 12] and memorandum in support [Doc. 13]. As a preliminary matter, the New Mexico Department of Game and Fish ("Defendant") failed to comply with D.N.M. LR-Civ. 7.1(a), and did not contact Plaintiff to determine whether Plaintiff opposed the motion ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."). Defendant's motion should be denied for ignoring the rules of civil procedure.

        Plaintiff's Motion for Remand [Doc. 6] is pending before this Court. Plaintiff submits the following response to Defendant's Motion to Dismiss Count II without waiving the arguments raised in her remand motion.

        Defendant's motion to dismiss asks this Court to decide New Mexico substantive law and find it is immune from claims arising the Fair Pay for Women Act, NMSA 1978, § 28-23-1 (2013) *et seq.* ("FPWA"). Defendant neglects to inform this Court that the New Mexico Court of Appeals has two current cases before it to determine whether the state Legislature meant to

1

waive sovereign immunity with regard to the FPWA and its motion to dismiss is an attempt to end-run the state appellate court.[1] The Court should deny the motion as it is not within this Court's province to interfere with the duties of the state appellate court which is proceeding to hear and determine this matter.

## I.     PROCEDURAL HISTORY

On July 13, 2018, Defendant removed this matter to this Court [Doc. 1]. Plaintiff filed a Motion for Remand on July 19, 2018 [Doc. 6]. Defendant responded to the Motion for Remand on July 30, 2018 [Doc. 11]. On the same day, Defendant filed the present motion to dismiss. Defendant did not inform the Court that Plaintiff's motion for remand is pending. On July 27, 2018, Magistrate Yarbrough entered an Order "finding good cause … to delay the entry of a Scheduling Order pending resolution of Plaintiff's Opposed Motion to Remand to State Court." [Doc. 9.]

Defendant filed its Answer to the complaint on July 20, 1018 [Doc. 8]. Among its affirmative defenses is: "The Fair Pay for Women Act does not apply to the State as an employer because there was no waiver of sovereign immunity, therefore, *this Court lacks jurisdiction to adjudicate that claim*." [Doc. 8 at p. 40.]  (Emphasis added.)  Now, Defendant demands this Court exercise its non-existent jurisdiction over a state law and dismiss the claim as well as determine that the state may not be subject to punitive damages under the FPWA. (It is unclear from Defendant's motion if the punitive damages refer only to the FPWA claim or others as the motion is exclusively for Count II. If so, Plaintiff does not assert a claim for punitive damages

---

[1] *See Alisha Tafoya Lucero v. New Mexico Corrections Dept*., NMCOA No. 35438 (District Court No. D-101-CV-2013-03206), *Melinda L. Wolinsky v. New Mexico Corrections Dept*., NMCOA No. 35,762 (District Court No. D-101-CV-2016-01005).

against Defendant under the FPWA. [Doc. 1-1 at pp. 24-25])[2].

Missing throughout Defendant's motion is any argument that this Court has jurisdiction over Plaintiff's substantive state law claims, that dismissal is proper under the state rules of statutory construction or why this Court should exercise pendant jurisdiction over a state law claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Indeed, in the interests of judicial "economy, convenience, fairness, and comity," *see Cohill,* 484 U.S. at 351, the only solution to relief sought in Defendant's motion is remand.

## II. WHETHER THE FAIR PAY FOR WOMEN ACT WAIVES SOVEREIGN IMMUNITY IS PENDING BEFORE THE NEW MEXICO COURT OF APPEALS WHICH HAS PROPER JURISDICTION.

Presently there are two appeals before the New Mexico Court of Appeals to determine whether the state Legislature intended to waive sovereign immunity in the Fair Pay for Women Act, NMSA 1978, § 28-23 (2013) *et seq*. In *Lucero v. Department of Corrections*, No. D-101-CV-2013-03206, the Department of Corrections filed a Petition for Writ of Error after the District Court denied Defendant's Motion to Dismiss the Fair Pay for Women Act but granted the Motion to Dismiss Punitive Damages. Attached as **Exhibit 1** is the District Court's Order dated February 22, 2016 and attached as **Exhibit 2** is the New Mexico Court of Appeals docket.

In *Wolinsky v. New Mexico Department of Corrections*, the plaintiff appealed the dismissal of her Fair Pay for Women Act claim. The question presented by the plaintiff in the docketing statement was: "The New Mexico legislature enacted the Fair Pay for Women Act to correct pay inequality between the sexes. The Fair Pay for Women Act contains no language expressly excluding state employees from its benefits. Did the legislature intend for state employees to have the same rights as private sector employees under the Fair Pay for Women

---

[2] If Defendant is actually making a broader argument about punitive damages, Plaintiff cannot properly respond to an ambiguous argument and Defendant should file a separate motion on the punitive damages.

Act?" *See* Docketing Statement attached hereto as **Exhibit 3** at p. 3.

A review of these documents shows that the Defendant has raised identical arguments asserted by the Department of Corrections. State courts have the duty to determine state law. *N.M. Const. art. VI, § 13* (a district court is invested with original jurisdiction over all matters and causes not excepted in the New Mexico Constitution). The United States District Court is a court of limited jurisdiction and, aside from diversity jurisdiction which is inapplicable to these proceedings, this Court does not have the authority to do as even the Defendant has stated in its affirmative defenses. It would be prudent for this Court to remand this matter and deny the motion as moot.

## III.   LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if "it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-250 (1989). The facts alleged must be read in the light most favorable to the plaintiff and accepted as true. *Id*. at 249.

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1983), a federal district court sitting in diversity applies "state law with the objective of obtaining the result that would be reached in state court." *Butt v. Bank of Am., N.A.*, 477 F.3d 1171, 1179 (10th Cir. 2007). This Court has held that if a district court exercising diversity jurisdiction cannot find a Supreme Court of New Mexico "opinion that [governs] a particular area of substantive law . . . [the district court] must . . . predict how the Supreme Court of New Mexico would [rule]." *Guidance Endodontics, LLC v. Dentsply Int'l., Inc.*, 708 F. Supp. 2d 1209, 1224-25 (D.N.M. 2010)(Browning, J.). "Just as a court engaging in statutory interpretation must always begin with the statute's text, a court

4

formulating an *Erie* prediction should look first to the words of the state supreme court." *Peña v. Greffet*, 110 F. Supp. 3d 1103, 1132 (D.N.M. 2015)(Browning, J.).

"Where no controlling state decision exists, the federal court must attempt to predict what the state's highest court would do," and that, "[i]n doing so, it may seek guidance from decisions rendered by lower courts in the relevant state." *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 666 (10th Cir. 2007). In the case at bar, the state court of appeals is deciding the issue raised by the Defendant and a decision is imminent. If this Court denies Plaintiff's motion for remand, this Court should deny the Motion to Dismiss Count II as improper or stay ruling on the motion only to allow the appellate court the opportunity to render a written opinion. (Plaintiff may seek to amend the complaint if this Court denies her motion for remand.)

## IV.   THE NEW MEXICO STATE LEGISLATURE SPECIFICALLY WAIVED SOVEREIGN IMMUNITY IN THE FAIR PAY FOR WOMEN ACT.

### A.   Silence means that the state is subject to the Fair Pay for Women Act.

Clearly Defendant is an employer as defined by the FPWA at NMSA 1978, § 28-23-2(D)(2013) ("'employer' means a person employing four or more employees and any person acting for an employer'") (Doc. 1-1 at ¶ 3, 16, 18, 10-110). At all times pertinent, Ms. Darr was an employee as defined by NMSA 1978, § 28-23-2(E) (2013) ("employee" means any individual employed by an employer"). (Doc. 1-1 at ¶ 16.) Ms. Darr's compensation is significantly less than that of a similarly-situated male. (Doc. 1-1 at ¶¶ 1, 17, 105.)

Defendant challenges Ms. Darr's claim under the FPWA as not applicable to a state government employer because it does not specifically mention the state in its definition of "employer" thus it is protected by sovereign immunity. This argument fails because of the definition of "employer" in the Fair Pay for Women Act is almost identical to the definition of "employer" in the Human Rights Act, NMSA 1978, § 28-1-2(B) (2007). The Human Rights Act

unquestionably applies to the government. *See, e.g., Lobato v. New Mexico Env't Dep't,* 2012-NMSC-002, 267 P.3d 65; *Ulibarri v. State of NM Corr. Acad.,* 2006-NMSC-009, 139 N.M. 193; *Garcia-Montoya v. State Treasurer's Office,* 2001- NMSC-003, 130 N.M. 25.

In 2013, the Legislature adopted the Fair Pay for Women Act, NMSA 1978 § 28-23-1 *et seq.* (2013), codifying it as part of Chapter 28, which also contains New Mexico's Human Rights Act, NMSA 1978 § 28-1-1 *et seq.* Under the Human Rights Act, "'employer' means any person employing *four or more persons* and any person acting for an employer." NMSA 1978, § 28-1-2(B) (2007) (emphasis added). The Fair Pay for Women Act defines "employer" as "a person employing *four or more employees* and any person acting for an employer." NMSA 1978, § 28-23-2(E) (2013) (emphasis added). The definitions are nearly identical and their meanings are indistinguishable. The Legislature plainly modeled the Fair Pay for Women Act's definition of "employer" on the Human Rights Act's definition. The logical reason the Legislature would do so would be to cause the same effect by both statutes. That is to say, the Human Rights Act applies to the government and the Legislature wanted the Fair Pay for Women Act to also apply to the government, so it adopted nearly identical language. Like the Human Rights Act, the Fair Pay for Women Act applies to the government.[3]

Defendant misreads *Hicks v. State*, 1975-NMSC-056, 88 N.M. 588, 544 P.2d 1153, and fails to address controlling case law interpreting and applying *Hicks*. As a result, the Defendant gets the immunity analysis exactly backwards, misconstruing Legislative silence as an implied grant of immunity. In *Hicks*, New Mexico's Supreme Court recognized that the common law doctrine of sovereign immunity was "causing a great degree of injustice." *Hicks*, *supra*, ¶ 10. It

---

[3] *See* Judge David Thomson *Order Denying Defendant's Motion to Dismiss on Tort Claim Immunity and Granting Immunity Protection to Punitive Damages Claim* (**Exhibit 1**) at pp. 4-6 (("Having established that the Legislature incorporated the Human Rights act in drafting the fair Pay for Women Act.…"); *see also* Exhibit 1 at pp. 9-10 (finding Human Rights Act and FPWA apply the same definition for "employer.").

abolished the doctrine "in all its ramifications, whether in tort or contract or otherwise, except as implemented by statute or as might otherwise be interposed by judicial decision for sound policy reasons." *State ex rel. Hanosh v. State ex rel. King*, 2009-NMSC-047, ¶ 10, 147 N.M. 87, 217 P.3d 100 (*quoting Torrance County Mental Health Program, Inc. v. NM Health & Env't. Dep't.*, 1992-NMSC-026, ¶ 14, 113 N.M. 593, 830 P.2d 145). In place of the "archaic and medieval notions of common-law sovereign immunity ('the King can do no wrong'), sovereign immunity in New Mexico must be asserted as "statutory immunity." *Id.* ¶ 11.[4]

*Hicks* and *Hanosh* require the state Legislature to explicitly assert immunity whenever it intends to reinstate immunity. *Zuni Public School Dist. No. 89* v. *State Public Educ. Dept.*, 2012-NMCA-048, ¶ 20, 277 P.3d 1252 (where the Legislature has not "explicitly asserted" immunity, action against the State is permitted). The Legislature responded to *Hicks* by partially reinstating immunity for tort liability and contract liability. *See* NMSA 1978, § 41-4-4(A) *et seq.* (1976, as amended in 2001) (Tort Claims Act, "TCA") and NMSA 1978, § 37-1-23 (1976) (waiving immunity for written contracts while asserting it for unwritten contracts); *see also Hanosh*, 2009-NMSC-047, ¶ 10 (abolition of immunity applied "in all of its ramifications, whether in tort or contract or otherwise, *except as implemented by statute …* ")(emphasis added). But the Legislature chose not to assert immunity for employment matters and, in fact, in the TCA, NMSA 1978, § 41-4-21, it specifically provided that:

> The provisions of the Tort Claims Act shall not affect the provisions of any personnel act, any rules or regulations issued thereunder or any other provision of law governing the employer-employee relationship.

Of equal importance, the Legislature adopted no statute generally conferring immunity upon the State or local governmental bodies for causes of action arising from the New Mexico Constitution or enacted by the Legislature. Therefore, as explained in *Hanosh,* the Legislature

---

[4] *See also* **Exhibit 1** at p. 3 discussing history of sovereign immunity.

must affirmatively assert immunity before the State will be entitled to immunity. 2009-NMSC-047, ¶ 10.  The FPWA contains no such assertion of immunity.  As even Defendant maintains, the FPWA "contains no such expression of intent" on the matter of governmental immunity. [Doc. 13 at p. 8].

The Tort Claims Act demonstrates that the New Mexico Legislature knows how to create immunity when it intends to do so.  Thus, the state Legislature's silence in the FPWA manifests a legislative intent to include public bodies among the employers subject to its provisions. Silence means that the State is subject to the statute.

> **B.** **The state Legislative intent in enacting the FPWA is to waive immunity because the FPWA prevents violation of the state constitution.**

The Legislature may waive New Mexico's sovereign immunity with respect to causes of action that it creates.  *Ramirez v. State of New Mexico Children, Youth and Families Department*, *et al*., 2016-NMSC-016, ¶22, 372 P.3d 497.  "Unlike the federal courts, when this Court interprets a statute to determine the Legislature's intent to waive sovereign immunity, we are concerned with the State's amenability to suit in *its own* courts..." *Id.* at ¶ 27 (emphasis in original).  In *Ramirez*, the New Mexico Supreme Court held that courts examine both the text and the purpose of a statute to determine the Legislature's intent to consent to suit in its own court.  *Id*. at ¶¶ 27, 32.

The FPWA implements New Mexico's Equal Rights Amendment. It protects "[e]quality of rights under the law" for women and prohibits pay discrimination based on sex or gender, providing that:

> No employer shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in the establishment at a rate less than the rate that the employer pays wages to employees of the opposite sex in the establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility

and that are performed under similar working conditions ....

NMSA 1978, ¶ 28-23-3(A) (2013).

New Mexico's privilege to assert its sovereign immunity in its own courts "does not confer upon the State a concomitant right to disregard the Constitution or valid federal law." *See Alden v. Maine*, 527 U.S. 706, 754-55 (1999).

The Equal Rights Amendment, adopted by the citizens of this State in 1972 and codified as part of the Equal Protection Clause of the New Mexico Constitution, provides:

> No person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal protection of the laws. *Equality of rights under law shall not be denied on account of the sex of any person*.

N.M. Const. art. II, § 18 (emphasis added).

New Mexico's Supreme Court addressed this Amendment in *NM Right to Choose/NARAL v. Johnson,* 1999-NMSC-005, ¶ 36, 126 N.M. 788, 975 P.2d 841, explaining that:

> New Mexico's Equal Rights Amendment is a specific prohibition that provides a legal remedy for the invidious consequences of the gender-based discrimination that prevailed under the common law and civil law traditions that preceded it [and] requires searching judicial inquiry concerning state laws that employ gender-based classifications.

Clearly, the legislative intent of the FPWA is to protect to the equal rights of all employees within the state – to include state employees – by ensuring equal pay. To hold otherwise would permit the Defendant to violate the equal rights of not only Ms. Darr but all other similarly situated employees. For these reasons, the Defendant's motion fails.

V.   **CONCLUSION**

Defendant, New Mexico Department of Game and Fish, is represented by experienced counsel who did not contact Plaintiff's counsel prior to filing the motion to dismiss. A violation

of the local rules of civil procedure permits this Court to summarily deny the motion and is proper under these circumstances.

If this Court does not summarily deny the motion, Plaintiff respectfully requests that this Court reject Defendant's demand that it interfere with a matter presently before the state court of appeals and decide the issue of sovereign immunity on a state claim. Even if this Court were to entertain the motion, it fails because the Fair Pay for Women Act is intended to apply to the state as an employer and protects the equal rights of women residing in this state.

For the foregoing reasons, Defendant's motion should be denied and this Court should award Plaintiff attorney fees and costs associated with this motion and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Counsel for Plaintiff**:

s/ *Diane Garrity*
Diane Garrity
Serra & Garrity PC
1331 Seville Road
Santa Fe, NM 87505
Telephone: (505) 983-6956
Email: dgarrity@sgmnlaw.com

AND

*/s/ Rosario D. Vega Lynn*
Rosario D. Vega Lynn
P.O. Box 65513
Albuquerque, NM  87193
Telephone: 505-903-9411
Email: rosariovegalynnlawfirm@outlook.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of August 2018, I filed the foregoing

10

electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Paula G. Maynes
Stephen M. Williams
Miller Stratvert PA
200 West DeVargas, Suite 9
Santa Fe, NM 87501
Telephone: 505-989-9614
Email: pmaynes@mstlaw.com
swilliams@mstlaw.com

*/s/ Rosario D. Vega Lynn*
Rosario D. Vega Lynn