IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGARET DARR,

    Plaintiff,

vs.     Case No.: 18-cv-00672-JB/SCY

NEW MEXICO DEPARTMENT OF
GAME AND FISH,

    Defendant.

**REPLY IN SUPPORT OF NEW MEXICO DEPARTMENT OF GAME AND FISH'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

Defendant New Mexico Department of Game and Fish ("NMDGF") submits its Reply in Support of New Mexico Department of Game and Fish's Motion to Dismiss Count II of Plaintiff's Complaint as follows:

**INTRODUCTION**

As thoroughly explained in the Memorandum in Support of New Mexico Department of Game and Fish's Motion to Dismiss Count II of Plaintiff's Complaint ("Memorandum"), NMDGF is immune from suit under the Fair Pay for Women Act because sovereign immunity has not been expressly waived and the current language of the act does not apply to state agencies. There is no statute or law that authorizes NMDGF to be sued under the Fair Pay for Women Act and absent an express waiver of the State's sovereign immunity, NMDGF is immune from suit. *See* Mem. at 6 – 8.  It is clear that immunity has not been waived under the Fair Pay for Women Act because the State or its agencies are not included within the Act's definition of "employer" subject to suit.  *See* Mem. at 9 – 11.  Additionally, NMDGF cannot be

subject to punitive damages because in New Mexico, punitive damages are not recoverable against a governmental entity absent an express legislative provision. *See* Mem. at 11 – 12.

I. **Defendant Informed the Court of the Relevant Cases Pending Before the Court of Appeals.**

Plaintiff alleges in her Response to Motion to Dismiss Count II of Plaintiff's Complaint that NMDGF did not inform the Court that the New Mexico Court of Appeals has two current cases before it to determine whether the state Legislature meant to waive sovereign immunity with regard to the Fair Pay for Women Act. *See* Plaintiff's Response at 1-2. This is incorrect. Page 2, paragraph 4 of NMDGF Motion to Dismiss Count II of Plaintiff's Complaint clearly states that two cases discussing the legal issue involved in the Motion to Dismiss are "currently pending before the New Mexico Court of Appeals," and provides ample detail such as the case names, cause numbers, and information regarding deadlines for supplemental briefing and when oral arguments were held. *See* Defendant New Mexico Department of Game and Fish's Motion to Dismiss Count II of the Complaint, p. 2, ¶ 4. Interestingly, Plaintiff herself did not did not mention the two cases pending before the New Mexico Court of Appeals when she filed her Complaint claiming significant damages for her claim under the Fair Pay for Women Act.

II. **Dismissal of Count II of Plaintiff's Complaint is Proper Under Stare Decisis.**

This Court may grant NMDGF's Motion to Dismiss despite the cases pending before the New Mexico Court of Appeals. "The principle of stare decisis dictates adherence to precedent." *Padilla v. State Farm Mut. Auto. Ins. Co.*, 2003-NMSC-011, ¶ 7, 133 N.M. 661. Precedent is "a decided case that furnishes a basis for determining later cases involving similar facts or issues." Black's Law Dictionary (10th ed. 2014). As Plaintiff stated in her Response, "Where no controlling stare decision exists, the federal court must attempt to predict what the state's highest

court would do." *Wade v. EMCASCO Ins. Co.,* 483 F.3d 657, 666 (10th Cir. 2007). The cases pending before the Court of Appeals of New Mexico have not yet been decided and therefore are not precedent. Thus, the Court is under no obligation to wait for the New Mexico Court of Appeals to render its decision regarding the analogous cases and can dismiss Count II of Plaintiff's Complaint based on its powers as stated in *Wade*.

### III.    Denying the Motion to Dismiss would Delay the Inevitable Disposition of the Matter.

Whether NMDGF asked Plaintiff whether its Motion to Dismiss was opposed under D.N.M.LR – Civ. 7.1(a) is immaterial because it was assumed that Plaintiff would naturally oppose a motion that seeks to dismiss her claims. *See, e.g.,* Rule 1-007.1 NMRA ("The movant shall not assume that the nature of the motion obviates the need for concurrence from all parties unless the motion is a: (1) motion to dismiss…"). New Mexico federal district courts have refused to strike a motion to dismiss for a defendant's failure to abide by D.N.M.LR-CIV. 7.1(a) because doing so "would only delay the inevitable disposition of this matter." *Yruegas v. Vestal*, 256 F.Supp.2d 1238, 1240 (D.N.M. 2004).

If NMDGF's Motion to Dismiss is denied, NMDGF will refile it and ask the Plaintiff for her concurrence, (which she almost certainly will refuse to provide), and then the parties will be in the same situation as now. It would promote judicial efficiency if the Court ruled on the NMDGF's Motion to Dismiss as it stands now, rather than delay resolution.

### IV.    Legislative Silence Does Not Indicate Immunity Has Been Waived.

Plaintiff's blanket claim that the State does not have sovereign immunity is incorrect. After the New Mexico Supreme Court abolished common law sovereign immunity in *Hicks v. State*, 1975-NMSC-056, ¶ 9, 88 N.M. 588, the Legislature reestablished immunity in 1976 by stating "it is declared to be the public policy of New Mexico that governmental entities and

3

public employees shall **only** be liable within the limitations of the Tort Claims Act and in accordance with the principles established in that act." NMSA 1978, § 41-4-2(A). In fact, "plaintiffs' cause of action, as against a governmental entity or a public employee, must fit within one of the exceptions to the immunity granted, or it may not be maintained. *Pemberton v. Cordova*, 1987-NMCA-020, ¶ 4, 105 N.M. 476.

Plaintiff relies upon factually dissimilar case law for her assertion that NMDGF does not have immunity. In *State ex rel. Hanosh v. State ex rel. King*, 2009-NMSC-047, 147 N.M. 87, Plaintiff filed a complaint seeking declaratory judgment against the New Mexico Environmental Improvement Board. In *Zuni Public School Dist. No. 89* v. *State Public Educ. Dept.,* 2012-NMCA-048, ¶ 2, 277 P.3d 1252, the plaintiff filed a petition for writ of mandamus, declaratory relief, and injunctive relief seeking "to compel the State to reimburse Zuni for funds withheld by the State before the federal-equalization certification as issued by the federal government on April 26, 2010." A plaintiff seeking injunctive relief against a State entity is not analogous to Plaintiff making a statutory claim against the State through a fair pay law for which the State has not waived sovereign immunity.

## CONCLUSION

**WHEREFORE**, NMDGF respectfully requests that this Court dismiss Count II of Plaintiff's Complaint and any related claims for punitive damages with prejudice, and for any further relief the Court deems just and proper.

        Respectfully submitted,

        MILLER STRATVERT P.A.


        By:  */s/ Paula G. Maynes*
          Paula G. Maynes
          Stephen M. Williams
          Kathryn Ritter Jochems
          Attorneys for Defendant
          P.O. Box 25687
          Albuquerque, NM 87125-0687
          Telephone: (505) 842-1950


I HEREBY CERTIFY that on the 22nd day of August, 2018, I filed the foregoing pleading electronically through the CM/ECF filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

  Diane Garrity
  Serra & Garrity, P.C.
  1331 Seville Road
  Santa Fe, NM 87505
  Email: dgarrity@sgmnlaw.com

  Rosario D. Vega Lynn
  P.O. Box 65513
  Albuquerque, NM 87193
  Email: rosariovegalynnlawfirm@outlook.com


By: /s/ Paula G. Maynes
  Paula G. Maynes

\\Abq-tamarack\ProData\006352-049606\Drafts\3516656.docx