IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGARET DARR,

    Plaintiff,

vs.                                      No. CIV 18-0672 JB\KBM

NEW MEXICO DEPARTMENT
OF GAME AND FISH,

    Defendant.

## ORDER[1]

**THIS MATTER** comes before the Court on the Plaintiff's Opposed Motion for Remand and Memorandum in Support, filed July 19, 2018 (Doc. 6)("Motion"). The Court held a hearing on September 25, 2018. The primary issue is whether the Court has federal-question jurisdiction over the Plaintiff Margaret Darr's claims against Defendant New Mexico Department of Game and Fish ("NM Game & Fish"). At the hearing, the Court stated that it was "inclined to think there isn't a significant federal issue he[r]e" and was therefore "inclined to grant the motion to remand." Draft Transcript of Hearing at 37:25-38:1 (taken September 25, 2018)(Court)("Tr.")[2]; id. at 38:12-13 (Court). Having carefully reviewed the record and considered the law, the Court grants the Motion.

---

[1]This Order disposes of the Plaintiff's Opposed Motion for Remand and Memorandum in Support, filed July 19, 2018 (Doc. 6). The Court will issue, however, a Memorandum Opinion at a later date more fully detailing its rationale for this decision. The Court has not, however, issued a Final Judgment, so this Order is not appealable at this time, until the Court enters Final Judgment.

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

The allegations in Darr's Complaint for Violations of the New Mexico Human Rights Act for Disability Discrimination and Retaliation, Retaliation for Violations of the Fair Pay for Women Act, Whistleblower Protection Act, and Fraud Against the Taxpayers Act, filed in state court June 15, 2018, filed in federal court July 13, 2018 (Doc. 1-1)("Complaint"), do not present a substantial federal question. The Complaint alleges that NM Game & Fish retaliated against Darr for engaging in protected activity, including taking leave under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 through 2654 ("FMLA"), in violation of four New Mexico statutes: (i) the Whistleblower Protection Act, N.M. Stat. Ann. §§ 10-16C-1 through 10-16C-5, see Complaint ¶¶ 93-103, at 21-23; (ii) the Fair Pay for Women Act, N.M. Stat. Ann. § 28-23-1, see Complaint ¶¶ 104-12, at 22-25; (iii) the Fraud Against Taxpayer Act, N.M. Stat. Ann. §§ 44-9-1 through 44-9-14, see Complaint ¶¶ 113-21, at 25-27; and (iv) the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-7, see Complaint ¶¶ 122-46, at 27-30. Darr concedes that the Complaint mentions "the words 'family' 'medical' and 'leave' and FMLA . . . a total of 13 times," Motion at 4, but asserts that these references "simply point[] out that she was afforded 'Family and Medical Leave' to show she engaged in protected activity to trigger culpability under the state statutory claims she alleges in her Complaint were violated," Motion at 6.

NM Game & Fish contends that Darr's FMLA references "establish that a trier of fact must determine whether Defendant interfered with Plaintiff's Family Medical Leave by criticizing Plaintiff for missing a deadline and by writing an unsatisfactory evaluation, for which she filed a FMLA-based grievance." Defendant's Response to Plaintiff's Opposed Motion for Remand and Memorandum in Support at 2, filed July 30, 2018 (Doc. 11)("Response"). According to NM Game & Fish, the FMLA references therefore "raise a question of interpretation and application of the FMLA, a federal statute." Response at 2. NM Game & Fish adds:

> Removal is also appropriate . . . because Plaintiff's allegations regarding her exercise of her FMLA rights necessarily require an explanation to the jury. A jury would not be able to determine the facts as alleged without receiving an instruction regarding the meaning of Plaintiff's Family Medical Leave rights, which demonstrates the presence of a significant federal question in this case.

Response at 5. The Court does not agree that the Complaint's FMLA references implicate a federal question. Instead, the Complaint references a federal statute to demonstrate that Darr engaged in the predicate protected activity required to support her state-law retaliation claims. See Motion at 1. Moreover, at the September 25, 2018, hearing, the Court confirmed that the Complaint does not involve a substantial federal question when it, for example, asked Darr whether she could "think of any FMLA claim" that would compel the Court "to have to write any opinion or a portion of an opinion that's going to have to decide any federal issue," Tr. at 6:4-7 (Court), and Darr responded in the negative, see Tr. at 6:8 (Garrity). The Court further inquired whether Darr is "going to be in any way telling the jury or telling me that there were violations of the FM[L]A," Tr. at 8:10-12 (Court), to which Darr responded: "No, Your Honor," Tr. at 8:13 (Garrity). The Court sought additional confirmation from Darr that the FMLA is "just not a part of your case," Tr. at 8:14 (Court), and Darr replied: "Correct," Tr. at 8:15 (Garrity). The Court then asked, if NM Game & Fish's counsel "were to send you over an interrogatory saying . . . are you alleging any violations of the FM[LA][,] you'd sign that and s[e]n[]d it back to him . . . saying no?" Tr. at 8:16-19 (Court). Darr responded: "Correct, we would do that. Because there simply aren't any claims un[der] the Family Medical Leave Act." Tr. at 8:20-22 (Garrity). When the Court asked: "Are you going to have to have any expert, any witness turn to that jury and tell them anything about FMLA . . . [y]ou know . . . explain to them how it works or any sort of issue," Tr. at 13:10-13 (Court), Darr replied: "I don't think so, Your Honor, because it's really not in dispute," Tr. at 13:14-15 (Garrity). The Court then asked whether Darr could "think of any jury instruction,

anything I'm going to have [to give] to help the jury . . . so that they []under[stand the] case?  Am I going to have to give them any jury instruction about the FMLA," Tr. at 13:25-14:4 (Court), to which Darr replied:

> I don't think so.  Again, Your Honor, simply because we're not disputing that the benefit was received.  There might be a jury instruction that relate[s] to protected activity. . . . [The] jury [may] believe that Ms. Darr engaged in protected activity and then list[] the receipt of Family Medical Leave Act as one of those protected activities . . . .  That could be part of the jury instruction I could anticipate that that could be listed as one of the areas of protected activity for Ms. Darr.  But . . . you're not actually going to have to resolve any substantive issue with the Family Medical Leave Act.

Tr. at 14:5-20 (Garrity). Based on its review of the Complaint and on Darr's representations in the Motion and at the September 25, 2018, hearing, the Court concludes that the case does not involve a substantial federal question.  See Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006)("[T]he mere presence of a federal issue in a state cause of action and the mere assertion of a federal interest are not enough to confer federal jurisdiction.").  Accordingly, the Court will remand the case to the County of Santa Fe, First Judicial District Court, State of New Mexico.

**IT IS ORDERED** that the requests in the Plaintiff's Opposed Motion for Remand and Memorandum in Support, filed July 19, 2018 (Doc. 6), are granted.

_____
UNITED STATES DISTRICT JUDGE

Case 1:18-cv-00672-JB-SCY   Document 26   Filed 03/26/19   Page 5 of 5

-5-

*Counsel:*

Rosario D. Vega Lynn
Vega Lynn Law Offices, LLC
Albuquerque, New Mexico

--and--

Diane Garrity
Serra & Garrity, P.C.
1331 Seville Road
Santa Fe, New Mexico

    *Attorneys for the Plaintiff*

Stephen M. Williams
Paula G. Maynes
Miller Stratvert PA
Santa Fe, New Mexico

    *Attorneys for Defendant New Mexico Department of Game and Fish*